IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYANT KEVIN JOHNSON, | : | |
| | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO.   17-4393 |
| SUPERINTENDENT MICHAEL | : | |
| CLARK, et al. | : | |
| | : | |
| Respondents. | : | |

# ORDER

**AND NOW**, this 24th day of March, 2020, upon consideration of Petitioner Bryant Kevin Johnson's Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Answer (Doc. No. 7), Petitioner's Reply (Doc. No. 8), the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (Doc. No. 14), and Petitioner's Objections (Doc. No. 15), I find the following:

1. On April 7, 2014, Petitioner—who was on state probation—appeared in state court due to multiple probationary violations. His probation was revoked, and he was resentenced on each of his three prior charges, with credit for time served.[1]

2. In April 2017, Petitioner filed a federal Petition for Writ of Habeas Corpus, setting forth five claims challenging the revocation: (1) his due process rights were violated by the state court when it refused to conduct a <u>Gagnon I</u> hearing; (2) counsel rendered ineffective

---

[1] In lieu of discussing at length the factual background of Petitioner's state conviction and resulting sentence, I incorporate by reference the factual and procedural history as set forth in the Report and Recommendation.

assistance; (3) the Pennsylvania court improperly dismissed his PCRA petition; (4) his conviction for violating his special probation is barred by double jeopardy; and (5) he is currently serving an illegal sentence.

3. On January 21, 2020, Judge Wells issued a Report and Recommendation ("R&R") finding that Claim Five—challenging the legality of his sentence—is not a cognizable habeas claim. She further determined that Claims One, Two, Three, and Four are procedurally defaulted because Petitioner failed to exhaust these claims in state court, thus rendering them time-barred. Alternatively, Judge Wells concluded that Claims Two and Three lack any clear factual basis, and that Claims One and Four are meritless.

4. Petitioner filed Objections on February 3, 2020, challenging the R&R's analysis only as to Claims One and Four. I do not find that either Objection has merit.

5. With respect to Claim One, Petitioner asserts that the R&R incorrectly found that Petitioner affirmatively waived his Gagnon I hearing[2] for both his Philadelphia County parole violation and his Berks County parole violation. He stresses that his waiver form related only to the Philadelphia case.

6. As noted above, however, Judge Wells also determined that Petitioner had failed to exhaust this claim in state court, rendering it procedurally defaulted for purposes of habeas corpus review. Petitioner's Objection does not identify any error in the procedural default ruling or offer any basis to excuse the procedural default.

---

[2] See Gagnon v. Scarpelli, 411 U.S. 778, 781–82 (1973) (holding that a probationer whose probation is revoked must be accorded due process; specifically, he "is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [Gagnon I], and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision [Gagnon II].").

7. With respect to Claim Four, Petitioner alleges that the R&R failed to acknowledge that he was subject to double jeopardy as a result of his resentencing on parole violations.

8. I again find no error. Judge Wells also deemed this claim procedurally defaulted, and Petitioner has presented no argument to excuse this procedural default.

9. Alternatively, even if Petitioner could be found to have exhausted Claim Four,[3] the Double Jeopardy Clause provides no basis for relief here. "[T]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment." U.S. v. DiFrancesco, 449 U.S. 117, 137 (1980); see also Banks v. Chester Cty., No. 07-4722, 2008 WL 828105, at *6 (E.D. Pa. Mar. 25, 2008) ("Revocation does not implicate double jeopardy because probation or parole is merely the continuation of an already imposed sentence."); Richardson v. Lackawanna Cty., No. 11-407, 2012 WL 5727303, at *6 (M.D. Pa. Nov. 15, 2012) ("It is well-settled that the revocation of parole or probation and the corresponding imposition of confinement does not violate the Double Jeopardy Clause because 'these criminal sanctions do not involve the increase of a final sentence, and . . . defendant is aware at the original sentencing that a term of imprisonment later may be imposed.'") (quoting Ralston v. Robinson, 454 U.S. 201, 220 n.14 (1981)).

**WHEREFORE**, it is hereby **ORDERED** that:

1. Petitioner's Objections (Doc. No. 15) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 14) is **APPROVED** and **ADOPTED**;

---

[3] Although Petitioner never presented a double jeopardy claim in the state appellate courts, Petitioner did raise a claim based on *res judicata* in his direct appeal. As Respondents noted in their response to the Petition for Writ of Habeas Corpus, "in criminal cases, the doctrine of *res judicata* is incorporated into the Fifth Amendment to the United States Constitution, which provides that no person may be subject to double jeopardy." (Respondents' Resp., ECF No. 7, at pp. 8–9 (citing Helvering v. Mitchell, 303 U.S. 391, 398 (1938).) Thus, it is at least arguable that the double jeopardy claim was exhausted and, therefore, not procedurally defaulted.

3. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED** with prejudice and **DISMISSED** without a hearing;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk of Court is directed to mark this case **CLOSED**.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**